# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROY MARQUEZ,

      Petitioner,

vs.                                                                                             Civil No. 02-536 JP/WWD

JOE WILLIAMS, Warden,
Lea County Correctional Facility, et al.,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon Petitioner's Motion to Court for Equitable Tolling ("Motion for Tolling"), file-stamped May 13, 2002 **[Doc. 3]**, Respondent's Motion to Disimss [sic] and Response Regarding Equitable Tolling ("Motion to Dismiss"), filed June 18, 2002 **[Doc. 11]**, and Petitioner's Motion for Status and Final Disposition on Case ("Motion for Disposition"), file-stamped September 20, 2002 **[Doc. 14]**.  Petitioner, who is proceeding *pro se* and *in forma pauperis*, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 8, 2002.[1]  He is currently incarcerated pursuant to the Judgment, Sentence and Commitment of the Ninth Judicial District Court of Curry County, New Mexico, for the crimes of intimidating a State's witness, kidnaping, and criminal sexual penetration of a minor.  See Ex. A to Resp't's Answer **[Doc. 10]**.

---

    [1] Although the petition is file-stamped May 13, 2002, Petitioner apparently "executed" the document on May 8, 2002.  See Petition **[Doc. 1]**.  "Pursuant to the mailbox rule, a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing."  Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

2. Respondent seeks dismissal of the petition as barred by the time limits set out by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 § 2244(d)(1)(A). The provision, effective April 24, 1996, gives a petitioner one year from the date the judgment became final to file an application for writ of habeas corpus pursuant to § 2254. However, the time during which a petitioner has a properly filed application for post-conviction review pending in state court is not counted toward the limitation period. Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998); 28 U.S.C. § 2244(d)(2).

3. Respondent states that Petitioner's conviction became final on April 6, 1998, 90 days after the state supreme court denied Mr. Marquez' petition for writ of certiorari.[2] See Ex. J, Answer (denying petition for writ of certiorari on January 6, 1998). Thus, Petitioner was required to file his federal petition on or before April 6, 1999.

4. Petitioner filed his first state habeas petition on December 11, 2000. See Ex. N to Answer. However, because the state petition was filed *after* the limitations period expired, the time during which it was pending in state court cannot be used to toll the statute of limitations. Consequently, the federal petition, filed on May 8, 2002, is untimely by more than three years.

*Equitable Tolling*

5. Mr. Marquez contends that the limitation period should be equitably tolled. Equitable tolling applies "only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Moreover, "[a] necessary predicate to the availability of equitable tolling is

---

[2] Petitioner does not challenge the Respondent's assertion that his conviction became final on April 6, 1998. The state court of appeals issued its mandate to the district court clerk on February 4, 1998. See Ex. L, Answer. However, even assuming that Petitioner's conviction became final 90 days following this date, on May 4, 1998, does not materially affect the outcome of the Court's review.

that the petitioner has diligently pursued his claims." Loving v. Mahaffey, 27 Fed. Appx. 925, 926, 2001 WL 1564057, at *1 (10th Cir. Dec. 10, 2001) (unpublished) (citing Fisher v. Gibson, 262 F.3d 1135, 1143 (10th Cir. 2001)); see also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (finding equitable tolling available "only when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control") (emphasis added).  Mr. Marquez bears the burden of demonstrating that equitable tolling should apply.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

    6.  Mr. Marquez alleges that when he was transferred to the prison facility in Hobbs, New Mexico in May of 1998, "th[e] facility was still under construction and there was no law library available for inmate(s)."  Pet'r's Mot. for Tolling at 2, ¶5.  Mr. Marquez further states that "the unavailability of (AEDPA) in the prison law library before May 1998 [wa]s an impediment to his filing."  Id. ¶6.  Petitioner argues that the prison officials' failure to provide him with law library access and their failure to adequately stock the library with essential AEDPA materials "denied [him] meaningful access to the Court."  Id. at 2.

    7.  Respondent points out that while the law library may have been under construction in May of 1998, Mr. Marquez "had eleven additional months, until April 6, 1999 to file his Federal . . . Petition."[3]  Resp't's Mem. in Support of Mot. to Dismiss **[Doc. 12]** at 3 (emphasis added).  Moreover, Respondent contends that Petitioner "had the forms provided by his attorney, and access to all previous briefs filed in his initial appeal to the Court of Appeals."  Id.

    8.  In order to show a lack of meaningful access to the courts, Petitioner must do more

---

[3] Although not clearly stated, Respondent appears to argue that the library was no longer under construction after May of 1998.

...
...
...

than simply allege a deficiency in the prison library or the availability of legal assistance. Petitioner must establish actual injury by "go[ing] one step further and demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  Petitioner's argument that, as a layperson, he could not be expected "to fill out his federal § 2254 habeas petition without adequate law library or adequate assistance" does not satisfy such a requirement, because it fails to explain how such conditions hindered his efforts to pursue his claim.

9.  Finally, there is no evidence that Petitioner diligently pursued his claims between the time that his conviction became final on April 6, 1998 and the filing of his state habeas petition on December 11, 2000.  See, e.g., Gibson, 232 F.3d at 808 (finding that "a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling").  For example, although Petitioner was provided with the appropriate forms and was aware of the one year limitations period,[4] he does not identify any efforts taken to insure the timely filing of his federal petition.  See Miller, 141 F.3d at 978 (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").  Consequently, Petitioner has failed to meet his burden of showing that equitable tolling should be applied in this case.

**Recommendation**

I recommend that Petitioner's Motion for Tolling **[Doc. 3]** be denied.  I further recommend that Respondent's Motion to Dismiss **[Doc. 11]** be granted and this cause be

---

[4] In January and February of 1998, Attorney Carolyn Glick mailed forms for filing a federal habeas corpus petition to Mr. Marquez and informed him that he had one year to file his federal petition. See Exs. A, B to Pet'r's Mot. for Tolling.

dismissed with prejudice on the finding that Petitioner's application for Writ of Habeas Corpus is barred as untimely under 28 U.S.C. § 2244(d)(1)(A).  Finally, I recommend that Petitioner's Motion for Disposition **[Doc. 14]** be denied as moot.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE